## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

NOELLE WRIGHT,

        Plaintiff,

v.

DAVE & BUSTER'S OF
GEORGIA, INC.,

        Defendant.

CIVIL ACTION NO. 1:18-cv-01513-SCJ

## DEFENDANT'S ANSWER AND DEFENSES TO COMPLAINT

Defendant Dave & Buster's, Inc., incorrectly named as Dave & Buster's of Georgia, Inc. ("Defendant"), submits its Answer and Defenses to Plaintiff Noelle Wright's ("Plaintiff") Complaint and states as follows:

## I.
## INTRODUCTION

The first unnumbered paragraph in the Complaint is an introductory paragraph, requiring no response from Defendant. To the extent a response is required, Defendant admits that Plaintiff purports to bring an action for violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.* Defendant denies that it committed any wrongdoing as alleged in Plaintiff's

Complaint or otherwise and denies any and all allegations in the first unnumbered paragraph of the Complaint.

## JURISDICTION, PARTIES, AND ARTICLE III STANDING

1.      In response to the allegations contained in paragraph 1 of the Complaint, Defendant does not contest subject matter jurisdiction in this action but denies that it committed any wrongdoing as alleged in the Complaint, within this Court's jurisdiction or elsewhere.

2.      In response to the allegations contained in paragraph 2 of the Complaint, Defendant does not contest venue in this action but denies that it committed any wrongdoing as alleged in the Complaint, within this venue or elsewhere.

3.      Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 3 of Plaintiff's Complaint, and, therefore, denies those allegations.

4.      The compound allegations in paragraph 4 call for multiple, distinct legal conclusions, requiring no response from Defendant.  To the extent a response is required, Defendant admits that it is a corporation that is registered to conduct business and that does conduct business in Georgia.  Defendant further admits that it operates a facility at 5900 Sugarloaf Pkwy Suite 441, Lawrenceville, GA 30043,

and that some areas of the facility are places of "public accommodation" subject to the requirements of the ADA. Except as otherwise admitted, Defendant denies the allegations in paragraph 4 of the Complaint.

5.     Defendant denies the allegations in paragraph 5 of the Complaint because, as stated, the allegations are vague and unclear. However, Defendant admits that it does conduct business in Georgia. Except as otherwise admitted, Defendant denies the allegations in paragraph 5 of the Complaint.

6.     Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 6 of Plaintiff's Complaint, and, therefore, denies those allegations.

7.     Defendant denies the allegations in paragraph 7 of Plaintiff's Complaint.

8.     The compound allegations in paragraph 8 call for multiple, distinct legal conclusions, requiring no response from Defendant. To the extent a response is required, Defendant denies the allegations in paragraph 8 of Plaintiff's Complaint.

## II.
## PLAINTIFF'S CLAIMS

### ADA, Title III

9.     The allegations in paragraph 9 call for a legal conclusion, requiring no response from Defendant, and the statutory provisions of the ADA speak for themselves.

10.     The allegations in paragraph 10 call for a legal conclusion, requiring no response from Defendant.  To the extent a response is required, Defendant admits that some areas of Defendant's facility located at 5900 Sugarloaf Pkwy Suite 441, Lawrenceville, GA 30043 are places of "public accommodation" subject to the requirements of the ADA.  Except as otherwise admitted, Defendant denies the allegations in paragraph 10 of the Complaint.

### COUNT ONE
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, TITLE III 42 U.S.C. § 12182(b)(2)(A)(iv)
### (*Architectural Barriers*)

### Defendant's Existing Facility is Subject to the 2010 ADA Design Standards for the Portions of the Facility Addressed in this Complaint

11.     Defendant admits the allegations in paragraph 11 of the Complaint.

12.     Defendant admits the allegations in paragraph 12 of the Complaint.

13.    The allegations in paragraph 13 call for a legal conclusion, requiring no response from Defendant, and the statutory provisions of the ADA speak for themselves.

14.    The allegations in paragraph 14 call for a legal conclusion, requiring no response from Defendant, and the statutory provisions of the ADA speak for themselves.

15.    Defendant admits the allegations in paragraph 15 of Plaintiff's Complaint.

### Plaintiff's Concrete and Particularized Standing to Pursue and Injunction

16.    Defendant denies the allegations in paragraph 16 of Plaintiff's Complaint.

17.    Defendant denies the allegations in paragraph 17 of Plaintiff's Complaint.

18.    Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 18 of Plaintiff's Complaint, and, therefore, denies those allegations.

### Architectural Barriers

19.    Paragraph 19 of Plaintiff's Complaint is not a factual allegation, and, therefore, requires no response from Defendant.

20.     Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 20 of Plaintiff's Complaint with regard to Plaintiff's visit to Defendant's 5900 Sugarloaf Pkwy Suite 441, Lawrenceville, GA facility.   Defendant denies the wholesale allegation in paragraph 20 of Plaintiff's Complaint that Defendant's 5900 Sugarloaf Pkwy Suite 441, Lawrenceville, GA facility is noncompliant with the ADA with regard to the "Bowling Area", "Restaurant Sports Bar", "Restaurant Dining Area", "Interactive Gaming Area", "Counter Near Entrance From Mall", "Counter Near Entrance From Parking Lot", "Women's Restroom", and "Outdoor Seating Area". Defendant further states that Plaintiff has not defined these areas in sufficient detail to allow Defendant to adequately respond to each allegation contained in paragraph 20. However, to the extent possible, Plaintiff responds to the specific allegations in paragraph 20 of Plaintiff's Complaint as follows:

**BOWLING AREA**

A.     Defendant denies the allegations in paragraph 20.A of Plaintiff's Complaint because, as stated, the allegations are vague and unclear.

i.     Defendant admits paragraph 20.A.i of Plaintiff's Complaint, but states that the Company will make

6

reasonable modifications to bring this element into compliance with provisions of the ADA relating to places of public accommodation.

ii.    Defendant admits paragraph 20.A.ii of Plaintiff's Complaint, but states that the Company will make reasonable modifications to bring this element into compliance with provisions of the ADA relating to places of public accommodation.

iii.    Defendant admits paragraph 20.A.iii of Plaintiff's Complaint, but states that the Company will make reasonable modifications to bring this element into compliance with provisions of the ADA relating to places of public accommodation.

iv.    Defendant admits paragraph 20.A.iv of Plaintiff's Complaint, but states that the Company will make reasonable modifications to bring this element into compliance with provisions of the ADA relating to places of public accommodation.

      v.      Defendant admits paragraph 20.A.v of Plaintiff's Complaint, but states that the Company will make reasonable modifications to bring this element into compliance with provisions of the ADA relating to places of public accommodation.

B.      Defendant denies paragraph 20.B of Plaintiff's Complaint because, as stated, the allegations are vague and unclear.

      i.      Defendant admits paragraph 20.B.i of Plaintiff's Complaint, but states that the Company will make reasonable modifications to bring this element into compliance with provisions of the ADA relating to places of public accommodation.

      ii.      Defendant admits paragraph 20.B.ii of Plaintiff's Complaint, but states that the Company will make reasonable modifications to bring this element into compliance with provisions of the ADA relating to places of public accommodation.

      iii.      Defendant admits paragraph 20.B.iii of Plaintiff's Complaint, but states that the Company will make

reasonable modifications to bring this element into compliance with provisions of the ADA relating to places of public accommodation.

iv. Defendant admits paragraph 20.B.iv of Plaintiff's Complaint, but states that the Company will make reasonable modifications to bring this element into compliance with provisions of the ADA relating to places of public accommodation.

C. Defendant denies paragraph 20.C of Plaintiff's Complaint because, as stated, the allegations are vague and unclear.

D. Defendant denies paragraph 20.D of Plaintiff's Complaint because, as stated, the allegations are vague and unclear. In particular, Defendant does not know what Plaintiff means by "lounge area for seating near the bowling area" and, therefore, Defendant lacks the ability to admit or deny this allegation.

E. Defendant denies paragraph 20.E of Plaintiff's Complaint because, as stated, the allegations are vague and unclear.

(1) Defendant denies the allegations in paragraph 20.E.1 of Plaintiff's Complaint.

9

       i.      Defendant denies the allegations in paragraph 20.E.1.i of Plaintiff's Complaint.

       ii.     Defendant denies the allegations in paragraph 20.E.1.ii of Plaintiff's Complaint.

(2)    Defendant denies that its service counter is not compliant with the ADA, because there is a parallel approach provided at the service counter which is compliant. Defendant further denies all of the allegations in paragraph 20.E.2 of Plaintiff's Complaint (including subparts i, ii and iii) because the allegations are inconsistent with the statutory requirements of the ADA.

(3)    Defendant denies the allegations in paragraph 20.E.3 of Plaintiff's Complaint.

(4)    Defendant denies the allegations in paragraph 20.E.4 of Plaintiff's Complaint.

## RESTAURANT SPORTS BAR

F.    Defendant denies paragraph 20.F of Plaintiff's Complaint because, as stated, the allegations are vague and unclear.

G.     Defendant denies paragraph 20.G of Plaintiff's Complaint because, as stated, the allegations are vague and unclear.

     i.     Defendant denies the allegations in paragraph 20.G.i of Plaintiff's Complaint.

     ii.     Defendant denies the allegations in paragraph 20.G.ii of Plaintiff's Complaint.

     iii.     Defendant denies the allegations in paragraph 20.G.iii of Plaintiff's Complaint.

     iv.     Defendant denies the allegations in paragraph 20.G.iv of Plaintiff's Complaint.

     v.     Defendant denies the allegations in paragraph 20.G.v of Plaintiff's Complaint.

     vi.     Defendant denies the allegations in paragraph 20.G.vi of Plaintiff's Complaint.

H.     Defendant denies paragraph 20.H of Plaintiff's Complaint because, as stated, the allegations are vague and unclear.

     vii.     Defendant denies the allegations in paragraph 20.H.vii of Plaintiff's Complaint.

      viii.   Defendant denies the allegations in paragraph 20.H.viii of Plaintiff's Complaint.

      ix.   Defendant denies the allegations in paragraph 20.H.ix of Plaintiff's Complaint.

      x.   Defendant denies the allegations in paragraph 20.H.x of Plaintiff's Complaint.

      xi.   Defendant denies the allegations in paragraph 20.H.xi of Plaintiff's Complaint.

      xii.   Defendant denies the allegations in paragraph 20.H.xii of Plaintiff's Complaint.

## RESTAURANT DINING AREA

I.   Defendant denies paragraph 20.I of Plaintiff's Complaint because, as stated, the allegations are vague and unclear.

      i.   Defendant denies the allegations in paragraph 20.I.i of Plaintiff's Complaint.

      ii.   Defendant denies the allegations in paragraph 20.I.ii of Plaintiff's Complaint.

      iii.   Defendant denies the allegations in paragraph 20.I.iii of Plaintiff's Complaint.

        iv.    Defendant denies the allegations in paragraph 20.I.iv of Plaintiff's Complaint.

        v.    Defendant denies the allegations in paragraph 20.I.v of Plaintiff's Complaint.

        vi.    Defendant denies the allegations in paragraph 20.I.vi of Plaintiff's Complaint.

J.    Defendant denies paragraph 20.J of Plaintiff's Complaint because, as stated, the allegations are vague and unclear.

        i.    Defendant denies the allegations in paragraph 20.J.i of Plaintiff's Complaint.

        ii.    Defendant denies the allegations in paragraph 20.J.ii of Plaintiff's Complaint.

        iii.    Defendant denies the allegations in paragraph 20.J.iii of Plaintiff's Complaint.

        iv.    Defendant denies the allegations in paragraph 20.J.iv of Plaintiff's Complaint.

        v.    Defendant denies the allegations in paragraph 20.J.v of Plaintiff's Complaint.

vi.     Defendant denies the allegations in paragraph 20.J.vi of Plaintiff's Complaint.

vii.    Defendant denies the allegations in paragraph 20.J.vii of Plaintiff's Complaint.

K.    Defendant denies paragraph 20.K of Plaintiff's Complaint because, as stated, the allegations are vague and unclear.

i.      Defendant denies the allegations in paragraph 20.K.i of Plaintiff's Complaint.

ii.     Defendant denies the allegations in paragraph 20.K.ii of Plaintiff's Complaint.

iii.    Defendant denies the allegations in paragraph 20.K.iii of Plaintiff's Complaint.

iv.     Defendant denies the allegations in paragraph 20.K.iv of Plaintiff's Complaint.

v.      Defendant denies the allegations in paragraph 20.K.v of Plaintiff's Complaint.

vi.     Defendant denies the allegations in paragraph 20.K.vi of Plaintiff's Complaint.

**INTERACTIVE GAME AREA**

L.     Defendant denies the allegations in paragraph 20.L of Plaintiff's Complaint.  Further answering, Defendant states that there are no applicable ADA regulations for interactive gaming devices.

        i.     Defendant denies the allegations in paragraph 20.L.i of Plaintiff's Complaint.  Further answering, Defendant states that there are no applicable ADA regulations for interactive gaming devices.

M.     Defendant denies the allegations in paragraph 20.M of Plaintiff's Complaint.  Further answering, Defendant states that there are no applicable ADA regulations for interactive gaming devices.

        i.     Defendant denies the allegations in paragraph 20.M.i of Plaintiff's Complaint.  Further answering, Defendant states that there are no applicable ADA regulations for interactive gaming devices.

N.    Defendant denies the allegations in paragraph 20.N of Plaintiff's Complaint.  Further answering, Defendant states that there are no applicable ADA regulations for interactive gaming devices.

O.    Defendant denies the allegations in paragraph 20.O of Plaintiff's Complaint.  Further answering, Defendant states that there are no applicable ADA regulations for interactive gaming devices.

P.    Defendant denies the allegations in paragraph 20.P of Plaintiff's Complaint.

Q.    Defendant denies paragraph 20.Q of Plaintiff's Complaint (including subsections 5 and 6 and their subparts).

R.    Defendant denies paragraph 20.R of Plaintiff's Complaint because, as stated, the allegations are vague and unclear.

    i.    Defendant admits paragraph 20.R.i of Plaintiff's Complaint, but states that the Company will make reasonable modifications to bring this element into compliance with provisions of the ADA relating to places of public accommodation.

    ii.    Defendant admits paragraph 20.R.ii of Plaintiff's Complaint, but states that the Company will make reasonable modifications to bring this element into compliance with provisions of the ADA relating to places of public accommodation.

    iii.    Defendant admits paragraph 20.R.iii of Plaintiff's Complaint, but states that the Company will make reasonable modifications to bring this element into compliance with provisions of the ADA relating to places of public accommodation.

    iv.    Defendant admits paragraph 20.R.iv of Plaintiff's Complaint, but states that the Company will make reasonable modifications to bring this element into compliance with provisions of the ADA relating to places of public accommodation.

    v.    Defendant admits paragraph 20.R.v of Plaintiff's Complaint, but states that the Company will make reasonable modifications to bring this element into

compliance with provisions of the ADA relating to places of public accommodation.

vi.     Defendant admits paragraph 20.R.vi of Plaintiff's Complaint, but states that the Company will make reasonable modifications to bring this element into compliance with provisions of the ADA relating to places of public accommodation.

S.     Defendant denies paragraph 20.S of Plaintiff's Complaint because, as stated, the allegations are vague and unclear.

i.     Defendant denies the allegations in paragraph 20.S.i of Plaintiff's Complaint.

ii.     Defendant admits paragraph 20.S.ii of Plaintiff's Complaint, but states that the Company will make reasonable modifications to bring this element into compliance with provisions of the ADA relating to places of public accommodation.

iii.     Defendant admits paragraph 20.S.iii of Plaintiff's Complaint, but states that the Company will make reasonable modifications to bring this element into

compliance with provisions of the ADA relating to places of public accommodation.

iv.   Defendant admits paragraph 20.S.iv of Plaintiff's Complaint, but states that the Company will make reasonable modifications to bring this element into compliance with provisions of the ADA relating to places of public accommodation.

v.   Defendant admits paragraph 20.S.v of Plaintiff's Complaint, but states that the Company will make reasonable modifications to bring this element into compliance with provisions of the ADA relating to places of public accommodation.

vi.   Defendant admits paragraph 20.S.vi of Plaintiff's Complaint, but states that the Company will make reasonable modifications to bring this element into compliance with provisions of the ADA relating to places of public accommodation.

vii.   Defendant admits paragraph 20.S.vii of Plaintiff's Complaint, but states that the Company will make

reasonable modifications to bring this element into compliance with provisions of the ADA relating to places of public accommodation.

T.      Defendant denies paragraph 20.T of Plaintiff's Complaint because, as stated, the allegations are vague and unclear.

i.      Defendant admits paragraph 20.T.i of Plaintiff's Complaint, but states that the Company will make reasonable modifications to bring this element into compliance with provisions of the ADA relating to places of public accommodation.

ii.     Defendant admits paragraph 20.T.ii of Plaintiff's Complaint, but states that the Company will make reasonable modifications to bring this element into compliance with provisions of the ADA relating to places of public accommodation.

iii.    Defendant admits paragraph 20.T.iii of Plaintiff's Complaint, but states that the Company will make reasonable modifications to bring this element into

compliance with provisions of the ADA relating to places of public accommodation.

iv.   Defendant admits paragraph 20.T.iv of Plaintiff's Complaint, but states that the Company will make reasonable modifications to bring this element into compliance with provisions of the ADA relating to places of public accommodation.

v.    Defendant admits paragraph 20.T.v of Plaintiff's Complaint, but states that the Company will make reasonable modifications to bring this element into compliance with provisions of the ADA relating to places of public accommodation.

vi.   Defendant admits paragraph 20.T.vi of Plaintiff's Complaint, but states that the Company will make reasonable modifications to bring this element into compliance with provisions of the ADA relating to places of public accommodation.

**COUNTER NEAR ENTRANCE FROM MALL**

U.    Defendant denies paragraph 20.U of Plaintiff's Complaint because, as stated, the allegations are vague and unclear.

(1)    Defendant denies the allegations in paragraph 20.U.1 of Plaintiff's Complaint.

i.    Defendant denies the allegations in paragraph 20.U.1.i of Plaintiff's Complaint.

ii.    Defendant denies the allegations in paragraph 20.U.1.ii of Plaintiff's Complaint.

(2)    Defendant denies the allegations in paragraph 20.U.2 of Plaintiff's Complaint.

i.    Defendant denies the allegations in paragraph 20.U.2.i of Plaintiff's Complaint.

ii.    Defendant denies the allegations in paragraph 20.U.2.ii of Plaintiff's Complaint.

iii.    Defendant denies the allegations in paragraph 20.U.2.iii of Plaintiff's Complaint.

(3)    Defendant denies the allegations in paragraph 20.U.3 of Plaintiff's Complaint.

(4)     Defendant denies the allegations in paragraph 20.U.4 of Plaintiff's Complaint.

## COUNTER NEAR ENTRANCE FROM PARKING LOT

V.     Defendant denies paragraph 20.V of Plaintiff's Complaint because, as stated, the allegations are vague and unclear.

(1)     Defendant denies the allegations in paragraph 20.V.1 of Plaintiff's Complaint.

i.     Defendant denies the allegations in paragraph 20.V.1.i of Plaintiff's Complaint.

ii.     Defendant denies the allegations in paragraph 20.V.1.ii of Plaintiff's Complaint.

(2)     Defendant denies the allegations in paragraph 20.V.2 of Plaintiff's Complaint.

i.     Defendant denies the allegations in paragraph 20.V.2.i of Plaintiff's Complaint.

ii.     Defendant denies the allegations in paragraph 20.V.2.ii of Plaintiff's Complaint.

iii.     Defendant denies the allegations in paragraph 20.V.2.iii of Plaintiff's Complaint.

(3)    Defendant denies the allegations in paragraph 20.V.3 of Plaintiff's Complaint.

(4)    Defendant denies the allegations in paragraph 20.V.4 of Plaintiff's Complaint.

**WOMEN'S RESTROOM**

W.    Defendant denies paragraph 20.W of Plaintiff's Complaint because, as stated, the allegations are vague and unclear. Further answering, with respect to all of the allegations in paragraph 20.W of Plaintiff's Complaint (including subparts), Defendant states that the bathrooms at Defendant's s facility located at 5900 Sugarloaf Pkwy Suite 441, Lawrenceville, GA 30043 are subject to a planned alteration which will ensure equal opportunities  and access for people with disabilities.

X.    Defendant denies paragraph 20.X of Plaintiff's Complaint because, as stated, the allegations are vague and unclear. Further answering, with respect to all of the allegations in paragraph 20.X of Plaintiff's Complaint (including subparts), Defendant states that the bathrooms at Defendant's s facility located at 5900 Sugarloaf Pkwy Suite 441, Lawrenceville, GA

30043 are subject to a planned alteration which will ensure equal opportunities and access for people with disabilities.

## OUTDOOR SEATING AREA

Y.  Defendant denies paragraph 20.Y of Plaintiff's Complaint because, as stated, the allegations are vague and unclear.

    i.  Defendant denies the allegations in paragraph 20.Y.i of Plaintiff's Complaint.

    ii.  Defendant denies the allegations in paragraph 20.Y.ii of Plaintiff's Complaint.

    iii.  Defendant denies the allegations in paragraph 20.Y.iii of Plaintiff's Complaint.

    iv.  Defendant denies the allegations in paragraph 20.Y.iv of Plaintiff's Complaint.

    v.  Defendant denies the allegations in paragraph 20.Y.v of Plaintiff's Complaint.

    vi.  Defendant denies the allegations in paragraph 20.Y.vi of Plaintiff's Complaint.

21.  Defendant denies the allegations in paragraph 21 of Plaintiff's Complaint.

22.    Defendant denies the allegations in paragraph 22 of Plaintiff's Complaint.

23.    Paragraph 23 of Plaintiff's Complaint is not a factual allegation, and, therefore, requires no response from Defendant.   To the extent a response is required, Defendant admits that the Court is vested with the authority to grant injunctive relief but denies that Defendant violated the ADA Title III in the manner and/or to the extent alleged by Plaintiff's Complaint and further denies that Plaintiff is entitled to any relief in this action.

## COUNT TWO
## VIOLATION OF THE AMERCANS WITH DISABILITIES ACT, TITLE III
## 42 U.S.C. § 121.82(b)(2)(A)(iii)
### *(Practices, procedures, and policies denying equal benefits)*

### ADA Title III Prohibits Other Discrimination in Addition to Architectural Barriers

24.    In response to Paragraph 24 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1-23 as if fully restated herein.

25.    The allegations in paragraph 25 call for a legal conclusion, requiring no response from Defendant, and the statutory provisions of the ADA speak for themselves.

26.     The allegations in paragraph 26 call for a legal conclusion, requiring no response from Defendant, and the statutory provisions of the ADA speak for themselves.

27.     The allegations in paragraph 27 call for a legal conclusion, requiring no response from Defendant, and the statutory provisions of the ADA speak for themselves.

28.     The allegations in paragraph 28 call for a legal conclusion, requiring no response from Defendant, and the statutory provisions of the ADA speak for themselves.

29.     The allegations in paragraph 29 call for a legal conclusion, requiring no response from Defendant, and the statutory provisions of the ADA speak for themselves.

30.     The allegations in paragraph 30 call for a legal conclusion, requiring no response from Defendant, and the statutory provisions of the ADA speak for themselves.

**<ins>Defendant's Failed Practices and Lack of Policies are Discriminatory</ins>**

31.     The allegations in paragraph 31 call for a legal conclusion, requiring no response from Defendant, and the statutory provisions of the ADA speak for themselves.

32.    The allegations in paragraph 32 call for a legal conclusion, requiring no response from Defendant, and the statutory provisions of the ADA speak for themselves.

33.    Defendant denies the allegations in paragraph 33 of Plaintiff's Complaint.

34.    Defendant denies the allegations in paragraph 34 of Plaintiff's Complaint.

35.    Defendant denies the allegations in paragraph 35 of Plaintiff's Complaint.

   a)    Defendant denies the allegations in paragraph 35.a of Plaintiff's Complaint.

   b)    Defendant denies the allegations in paragraph 35.b of Plaintiff's Complaint.

   c)    Defendant denies the allegations in paragraph 35.c of Plaintiff's Complaint.

   d)    Defendant denies the allegations in paragraph 35.d of Plaintiff's Complaint.

   e)    Defendant denies the allegations in paragraph 35.e of Plaintiff's Complaint.

f)     Defendant denies the allegations in paragraph 35.f of Plaintiff's Complaint.

g)     Defendant denies the allegations in paragraph 35.g of Plaintiff's Complaint.

h)     Defendant denies the allegations in paragraph 35.h of Plaintiff's Complaint.

i)     Defendant denies the allegations in paragraph 35.i of Plaintiff's Complaint.

j)     Defendant denies the allegations in paragraph 35.j of Plaintiff's Complaint.

k)     Defendant denies the allegations in paragraph 35.k of Plaintiff's Complaint.

l)     Defendant denies the allegations in paragraph 35.l of Plaintiff's Complaint.

m)     Defendant denies the allegations in paragraph 35.m of Plaintiff's Complaint.

n)     Defendant denies the allegations in paragraph 35.n of Plaintiff's Complaint.

36.     Defendant denies the allegations in paragraph 36 of Plaintiff's Complaint.

37.     Defendant denies the allegations in paragraph 37 of Plaintiff's Complaint.

38.     Defendant denies the allegations in paragraph 38 of Plaintiff's Complaint.

39.     Defendant denies the allegations in paragraph 39 of Plaintiff's Complaint.

40.     Defendant denies the allegations in paragraph 40 of Plaintiff's Complaint.

41.     Paragraph 41 sets forth the relief sought by Plaintiff, requiring no response from Defendant.   To the extent that a response is required, Defendant denies that Plaintiff is entitled to any relief in this action and denies the allegations in paragraph 41 of Plaintiff's Complaint.

42.     The allegations in paragraph 42 call for a legal conclusion, requiring no response from Defendant.   To the extent a response is required, Defendant admits that it operates a facility located at 5900 Sugarloaf Pkwy Suite 441, Lawrenceville, GA 30043.   Except as otherwise admitted, Defendant denies the allegations in paragraph 42 of the Complaint.

43.     In response to paragraph 43 of the Complaint, Defendant admits that it is generally aware of the ADA Title III and its requirements, but denies the implicit allegation that Defendant failed to comply with the ADA Title III.   Except as otherwise admitted, Defendant denies the allegations in paragraph 43 of the Complaint.

44.     Paragraph 44 sets forth the relief sought by Plaintiff, requiring no response from Defendant.   To the extent that a response is required, Defendant denies that Plaintiff is entitled to any relief in this action and denies the allegations in paragraph 44 of Plaintiff's Complaint.

45.     Defendant denies the allegations in paragraph 45 of Plaintiff's Complaint.

46.     Paragraph 46 of Plaintiff's Complaint is not a factual allegation, and, therefore, requires no response from Defendant.   To the extent a response is required, Defendant admits that the Court is vested with the authority to grant injunctive relief but denies that Defendant violated the ADA Title III in the manner and/or to the extent alleged by Plaintiff's Complaint and further denies that Plaintiff is entitled to any relief in this action.

**COUNT THREE**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**
*Denial of Full and Equal Enjoyment*

47.     In response to Paragraph 47 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1-46 as if fully restated herein.

48.     The allegations in paragraph 48 call for a legal conclusion, requiring no response from Defendant, and the statutory provisions of the ADA speak for themselves.

49.     The allegations in paragraph 49 call for a legal conclusion, requiring no response from Defendant, and the statutory provisions of the ADA speak for themselves.

50.     The allegations in paragraph 50 call for a legal conclusion, requiring no response from Defendant, and the statutory provisions of the ADA speak for themselves.

51.     The allegations in paragraph 51 call for a legal conclusion, requiring no response from Defendant, and the statutory provisions of the ADA speak for themselves.

52.     The allegations in paragraph 52 call for a legal conclusion, requiring no response from Defendant, and the statutory provisions of the ADA speak for themselves.

53.     The allegations in paragraph 53 call for a legal conclusion, requiring no response from Defendant, and the statutory provisions of the ADA speak for themselves.

54.     The compound allegations in paragraph 54 call for multiple, distinct legal conclusions, requiring no response from Defendant, and the statutory provisions of the ADA speak for themselves.  To the extent a response is required, Defendant denies that it violated the ADA Title III and denies the allegations in paragraph 54 of Plaintiff's Complaint.

55.     The allegations in paragraph 55 call for a legal conclusion, requiring no response from Defendant, and the statutory provisions of the ADA speak for themselves.

56.     The allegations in paragraph 56 call for a legal conclusion, requiring no response from Defendant, and the statutory provisions of the ADA speak for themselves.

57.     The allegations in paragraph 57 call for a legal conclusion, requiring no response from Defendant.

58.     Defendant denies the compound allegations in paragraph 58 of Plaintiff's Complaint.

59.     Paragraph 59 of Plaintiff's Complaint is not a factual allegation, and, therefore, requires no response from Defendant.

60.     The allegations in paragraph 60 call for a legal conclusion, requiring no response from Defendant, and the statutory provisions of the ADA speak for themselves.

61.     The compound allegations in paragraph 61 call for multiple, distinct legal conclusions, requiring no response from Defendant, and the statutory provisions of the ADA speak for themselves.  To the extent a response is required, Defendant denies that it violated the ADA Title III and denies the allegations in paragraph 61 of Plaintiff's Complaint.

62.      Defendant denies the allegations in paragraph 62 of Plaintiff's Complaint.

63.     Defendant denies the allegations in paragraph 63 of Plaintiff's Complaint.

64.     Defendant denies the allegations in paragraph 64 of Plaintiff's Complaint.

65.     Defendant denies the allegations in paragraph 65 of Plaintiff's Complaint.

66.     Paragraph 66 of Plaintiff's Complaint is not a factual allegation, and, therefore, requires no response from Defendant.  To the extent a response is required, Defendant admits that the Court is vested with the authority to grant injunctive relief but denies that Defendant violated the ADA Title III in the manner and/or to the extent alleged by Plaintiff's Complaint and further denies that Plaintiff is entitled to any relief in this action.

**COUNT FOUR**
**VIOLATION OF THE AMERCANS WITH DISABILITIES ACT, TITLE III**
**42 U.S.C. § 121.83(a)(1)**
***(Failure to design and construct facility for ADA compliance)***

67.     In response to Paragraph 67 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1-66 as if fully restated herein.

68.     The allegations in paragraph 68 call for a legal conclusion, requiring no response from Defendant, and the statutory provisions of the ADA speak for themselves.

69.     The allegations in paragraph 69 call for a legal conclusion, requiring no response from Defendant, and the statutory provisions of the ADA speak for themselves.

70.     The allegations in paragraph 70 call for a legal conclusion, requiring no response from Defendant, and the statutory provisions of the ADA speak for themselves.

71.    The allegations in paragraph 71 call for a legal conclusion, requiring no response from Defendant, and the statutory provisions of the ADA speak for themselves.

72.    The allegations in paragraph 72 call for a legal conclusion, requiring no response from Defendant, and the statutory provisions of the ADA speak for themselves.

73.    Defendant admits the allegations in paragraph 73 of Plaintiff's Complaint.

74.    The compound allegations in paragraph 74 call for multiple, distinct legal conclusions, requiring no response from Defendant, and the statutory provisions of the ADA speak for themselves.  To the extent a response is required, Defendant denies that it violated the ADA Title III and denies the allegations in paragraph 74 of Plaintiff's Complaint.

75.    Defendant denies the allegations in paragraph 75 of Plaintiff's Complaint.

76.    Defendant denies the allegations in paragraph 76 of Plaintiff's Complaint.

77.    Defendant denies the allegations in paragraph 77 of Plaintiff's Complaint.

78.    Paragraph 78 of Plaintiff's Complaint is not a factual allegation, and, therefore, requires no response from Defendant.  To the extent a response is required, Defendant admits that the Court is vested with the authority to grant injunctive relief but denies that Defendant violated the ADA Title III in the manner and/or to the extent alleged by Plaintiff's Complaint and further denies that Plaintiff is entitled to any relief in this action.

## PRAYER FOR RELIEF

The unnumbered "WHEREFORE" clause immediately following paragraph 78 of the Complaint is a prayer for relief, requiring neither an admission nor a denial from Defendant.  To the extent any response is required, Defendant denies that Plaintiff is entitled to any remedy or relief in this action, including those identified in the "WHEREFORE" clause following Paragraph 78 of the Complaint, and denies any and all remaining allegations contained in the unnumbered "WHEREFORE" clause following paragraph 78 of the Complaint.

## GENERAL DENIAL

Any allegations contained in the Complaint that Defendant did not specifically admit are expressly denied.

## **AFFIRMATIVE AND ADDITIONAL DEFENSES**

Defendant hereby states the following affirmative and additional defenses to the Complaint as follows, but does not assume the burden of proof of any such defenses except as required by applicable law with respect to the particular defense asserted.   Defendant further reserves the right to assert other affirmative and additional defenses and/or otherwise to supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

### **FIRST DEFENSE**

Some or all of the purported claims in the Complaint are moot.

### **SECOND DEFENSE**

Plaintiff lacks standing and has failed to properly allege standing to assert any or all of the claims attempted to be alleged in the Complaint.

### **THIRD DEFENSE**

Some or all of the purported claims in the Complaint may be barred by the applicable statute of limitation.

### **FOURTH DEFENSE**

Some or all of the purported claims in the Complaint fail to state a claim upon which relief may be granted.

## FIFTH DEFENSE

Some or all of the purported claims and/or relief sought in the Complaint are barred in whole or in part because even if some of the elements of Defendant's facility are not accessible under ADA Title III, <u>which Defendant denies</u>, any suggested method of barrier removal is not readily achievable, not easily accomplished, not technically feasible, and/or would result in a significant alteration.

## SIXTH DEFENSE

Some or all of the purported claims and/or relief sought in the Complaint are barred in whole or in part because the claimed violations are *de minimis* and do not materially impair Plaintiff's use of an area for an intended purpose.

## SEVENTH DEFENSE

Some or all of the purported claims and/or relief sought in the Complaint are barred in whole or in part because an alternative design provides substantially equivalent or greater access to and usability of the facility.

## EIGHTH DEFENSE

Defendant will rely upon all proper defenses lawfully available that may be disclosed by evidence and reserve the right to amend this Answer to state such defenses.

WHEREFORE, having responded to the specific allegations contained in the Complaint and having stated its affirmative and additional defenses, Defendant respectfully prays as follows:

(a)    that the Court render judgment for Defendant and against Plaintiff;

(b)    that the Court dismiss the Complaint in its entirety with prejudice;

(c)    that the Court assess costs and attorneys' fees against Plaintiff; and

(d)    that the Court award Defendant such other and further relief as it deems just and appropriate.

Dated: June 15, 2018

/s/ Emily D. Shoda
Gavin S. Appleby
Georgia Bar No. 020825
gappleby@littler.com
Emily D. Shoda
Georgia Bar No. 669601
eshoda@littler.com

LITTLER MENDELSON, P.C.
3344 Peachtree Road N.E.
Suite 1500
Atlanta, GA  30326.4803
404.233.0330

ATTORNEYS FOR DEFENDANT,
DAVE & BUSTER'S, INC.

## FONT CERTIFICATION

The undersigned hereby certifies that this pleading complies with the font requirements of LR 5.1B because the document has been prepared in Times New Roman, 14 point.

*/s/ Emily D. Shoda*
Emily D. Shoda
Georgia Bar No. 669601
ATTORNEY FOR DEFENDANT

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

NOELLE WRIGHT,

      Plaintiff,

v.

DAVE & BUSTER'S OF
GEORGIA, INC.,

      Defendant.

CIVIL ACTION NO. 1:18-cv-01513-SCJ

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2018, **DEFENDANT'S ANSWER AND DEFENSES TO COMPLAINT** was filed electronically through the ECF system, is available for viewing and downloading from the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filings, including Plaintiff's counsel of record as follows:

Alex O. Mitchell
ADA Group, LLC
400 Galleria Pkwy., Suite 1500
Atlanta, GA 30339

L. Landis Sexton
Tracy G. Birdsong
ADA Group, LLC
4001 Carmichael Road, Suite 570
Montgomery, Alabama 36116

*/s/ Emily D. Shoda*

Emily D. Shoda
Georgia Bar No. 669601
ATTORNEY FOR DEFENDANT